UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MICHAEL J. GRAZIANO,

                                                                                                                                                    21-cv-2708 (PAC)

                        *Plaintiff*,

v.                                                                    **OPINION & ORDER**

FIRST UNUM LIFE INSURANCE
COMPANY,

                        *Defendant*.

------------------------------------------------------------X

      Plaintiff Michael Graziano moves for attorneys' fees and costs for the success in his action brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, against defendant First Unum Life Insurance Company ("Unum"). For the following reasons, the Court **GRANTS** the motion as modified.

## BACKGROUND

      The Court assumes familiarity with the facts of this case and its procedural history. *See Graziano v. First Unum Life Ins. Co.*, No. 21-cv-2708, 2023 WL 4530274, at *1 (S.D.N.Y. July 13, 2023). In brief, Graziano filed this action alleging that Unum violated ERISA by improperly terminating his long-term disability plan ("LTD Plan") and life insurance premium waiver ("LIP Waiver") benefits. *See id.* After a bench trial on a stipulated administrative record, the Court entered judgment in favor of Graziano for benefits accrued from January 3, 2020, through the close of the administrative record on November 10, 2020, and remanded to Unum for benefits determination from November 11, 2020 onwards. *See id.* at *19.

      Pursuant to 29 U.S.C. § 1132(g)(1), Graziano seeks $402 in litigation costs and $221,039.25 in attorneys' fees, which consists of $198,635.25 in fees for the benefits litigation and

1

$22,404 in fees for his attorneys' fee request.[1]

## DISCUSSION

### I. Entitlement to Attorneys' Fees

In an ERISA action, "the court in its discretion may allow a reasonable attorney's fee." 29 U.S.C. § 1132(g)(1). "[I]n light of the ERISA fee provision's 'statutory purpose of vindicating retirement rights,' granting a prevailing plaintiff's request for fees is appropriate absent 'some particular justification for not doing so.'" *Donachie v. Liberty Life Assur. Co. of Bos.*, 745 F.3d 41, 47 (2d Cir. 2014) (first quoting *Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 298 (2d Cir. 2004); and then quoting *Birmingham v. SoGen–Swiss Int'l Corp. Ret. Plan*, 718 F.2d 515, 523 (2d Cir. 1983)). "[A] fees claimant must show 'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)(1)." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (citation omitted). "[W]hether a plaintiff has obtained some degree of success on the merits is the sole factor that a court *must* consider in exercising its discretion." *Donachie*, 745 F.3d at 46. Some success on the merits does not mean "trivial success" or a "purely procedural victory." *Hardt*, 560 U.S. at 255 (brackets removed). The standard is satisfied "if the court can fairly call the outcome of the litigation some success on the merits" without a "lengthy inquiry" into whether the success was "substantial" or on a "central issue." *Id.* (brackets removed).[2]

---

[1] Graziano initially moved for $21,704.47 in long term disability benefits for the period of January 3, 2020 through November 10, 2020 and prejudgment interest. Unum paid those amounts and Graziano withdrew his requests. Reply Brief Supp. Attorneys' Fees 1 n.2, ECF No. 65.

[2] Although the Court has discretion to consider the five "*Chambless* factors," *Donachie*, 745 F.3d at 47, the Court declines to do so here.

2

Here, Graziano has had success on the merits of his ERISA claim. Graziano succeeded on his claim that he was disabled within the meaning of the LTD Plan and LIP Waiver Plan from January 3, 2020 through the close of the administrative record. Although the Court was not able to determine Graziano's entitlement to benefits from November 11, 2020 and onward, it remanded that portion of his claim. That remand in and of itself also constitutes success on the merits. *See Dimopoulou v. First Unum Life Ins. Co.*, No. 1:13-cv-7159, 2017 WL 464430, at *1 (S.D.N.Y. Feb. 3, 2017) ("Courts in the Second Circuit have awarded fees to prevailing plaintiffs in ERISA actions based solely on achieving a remand for further consideration by the administrative body."). Even so, upon review on remand, Unum approved Graziano's claim for ongoing ERISA long term disability benefits from November 11, 2020 through the present. *See* ECF No. 67-1. For these reasons, Graziano is entitled to reasonable attorneys' fees.

## II. Reasonableness of the Fees

"Attorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. New York State Off. of Mental Health, Cent. New York Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011).

### A. Reasonable Rate

"The reasonable hourly rate is the rate a paying client would be willing to pay," giving consideration to the *Johnson* factors[3] and the understanding "that a reasonable, paying client

---

[3] The *Johnson* factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and

3

wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). Courts in this District have recognized that an "attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of the market rate." *In re Stock Exchanges Options Trading Antitrust Litig.*, 2006 WL 3498590, at *9 (S.D.N.Y. Dec. 4, 2006). The Second Circuit's "'forum rule' generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" *Bergerson*, 652 F.3d at 290 (citation omitted). The Court must be mindful to conduct a "case-specific inquiry into the prevailing market rates," which may "include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Farbotko v. Clinton Cnty. of New York*, 433 F.3d 204, 209 (2d Cir. 2005). The Court has "considerable discretion" in "setting a reasonable hourly rate." *Arbor Hill*, 522 F.3d at 190.

### *i. Requested Rates & Unum's Objections*

Graziano seeks the following hourly rates for his attorneys: Scott M. Riemer (Founding Partner): $875; Jennifer Hess (Partner & Lead Counsel): $675; Matthew Maddox (Former Associate): $600; Ryan McIntyre (Associate): $480; Hannah Cochrane (Paralegal): $350; Michele Wagner (Paralegal): $325; and Samantha Corneille-Renner (Paralegal): $275. Pl.'s Mot. Attorneys' Fees 7, ECF No. 56. In support of these rates, Graziano submitted affidavits of several experienced ERISA attorneys who practice within this District and elsewhere who attested that the requested rates are fair and reasonable based on the rates charged within this legal community and

---

length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 187 n.3 (2d Cir. 2008).

4

the reputation of Riemer Hess ("the Firm"). Riemer Aff. Ex. B ¶¶ 13–14, 19, ECF No. 58-2; Riemer Aff. Ex. C ¶ 13, ECF No. 58-3; Riemer Aff. Ex. D ¶¶ 6–7, 12, ECF No. 58-4. The founding partner of the Firm also described the Firm's reputation of helping professionals in high-paying jobs who have a significant amount of money at stake to obtain ERISA benefits. Riemer Aff. ¶¶ 9–10. Consistent with the Firm's reputation, most of the attorneys who worked on this case have had significant and specialized experience in ERISA disability litigation. *Id.* ¶ 26 (Riemer: forty years of litigation experience, thirty of which specializing in ERISA); *id.* ¶ 34 (Hess: eight years as an ERISA litigator); *id.* ¶¶ 39–40 (Maddox: three years specializing in ERISA at the time of the bench trial plus six additional years of civil litigation experience); *id.* ¶¶ 46–47 (McIntyre: approximately one year of ERISA experience at the time of the bench trial plus five years of other experience). Similarly, each of the three of the paralegals is quite experienced with litigation. *Id.* ¶¶ 48–50. Finally, the proposed rates are consistent with the non-negotiable rates charged to over 200 hourly clients. *Id.* ¶¶ 14–15; *see also* Riemer Aff. Ex. A, ECF No. 58-1.

Unum asks the Court to reduce these hourly rates by 23% and to reduce the paralegals' rates to $50 to $200 per hour. Def.'s Opp'n Mot. Attorneys' Fees ("Def.'s Opp'n") 15, ECF No. 64. Unum cites to cases where the rates found to be reasonable, particularly for paralegals, was less. *Id.* 13–14 & nn. 3–4. It also argues that the Court should disregard much of the evidence Graziano submitted because it is irrelevant or biased. *See id.* 12–13.

### ii. *Reasonableness of the Requested Rates*

Considering all relevant factors, the Court concludes that the rates are reasonable once a 10% reduction is applied. One of the most important factors that favors finding the rates reasonable is that hundreds of the Firm's clients are willing to pay these rates. The evidence submitted also supports that the Firm and its attorneys specialize in high-stakes ERISA litigation

and the Firm is highly regarded in the relevant legal community and by their clients. For example, the Firm's reputation and experience drove a high wage-earner, Edward Chung, to hire the Firm to handle his case brought in this District to recover ERISA long term disability benefits. *See* Riemer Aff. Ex. G ¶¶ 7–13, ECF No. 58-7. After succeeding on the merits of a bench trial, the Firm requested attorneys' fees, which were granted. *See Chung v. Provident Life and Cas. Ins. Co.*, No. 21-cv-09344 (S.D.N.Y. Jan. 4, 2024). The court held that the rates (which were substantially similar to the rates requested for the same attorneys and paralegals) were reasonable. *Id.* at 2; Letter, ECF No. 69. Another court's recent approval of the Firm's rates is a compelling reason to find them reasonable here. In addition, the attorneys who worked on this case, particularly the partners, have significant experience, not only with ERISA litigation but also practicing in this District.

That said, Unum cites a few cases that give the Court pause in finding the proposed rates reasonable. In *Dimopoulou v. First Unum Life Insurance Co.*, a court in this District applied a 10% reduction to the rate requested by an experienced ERISA litigator, partner, and lead counsel. No. 13-cv-07159, 2021 WL 406741, at *4 (S.D.N.Y. Feb. 5, 2021). That partner is one whom Riemer asserts has "commensurate" rates for a New York City firm specializing in ERISA litigation with comparable "reputation and experience." *See* Riemer Aff. ¶ 24. In addition, as recently as 2019, another court in this District found that hourly rates in ERISA cases ranged from $660 to $450 per hour for experienced partners and $300 to $125 per hour for associates. *See Montefiore Med. Ctr. v. Loc. 272 Welfare Fund*, No. 09-cv-3096, 2019 WL 4565099, at *6–7 (S.D.N.Y. Sept. 19, 2019) (collecting cases). These awards in similar cases suggest that the proposed rates are unreasonably high.

Therefore, a 10% reduction will bring the proposed rates closer to the prevailing market rates in the relevant community approved in ERISA cases in this District. Even with a 10% reduction, the modified rates—$788 (Riemer), $608 (Hess), $540 (Maddox); $432 (McIntyre); $315 (Cochrane); $293 (Wagner); $248 (Corneille-Renner)—are still above the rates found to be reasonable in other recent ERISA cases. However, the increase from rates previously found to be reasonable is deserved in this case given the reputation of the Firm, the experience of the attorneys and paralegals, and the nature and caliber of the work performed.

## B. Reasonable Number of Hours Expended

"In order to calculate the reasonable hours expended, the prevailing party's fee application must be supported by contemporaneous time records, affidavits, and other materials." *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006). Courts evaluate contemporaneous records for reasonableness, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), considering its own familiarity with the demands of the case as well as the evidentiary submissions of the parties, *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992).

Here, Graziano submitted contemporaneous time records that identify the date, category of the task, a description of the work performed, and the number of hours worked by each individual. Riemer Aff. Ex. F ("Billing Records"), ECF No. 58-6. Unum argues that the Billing Records reveal numerous instances of administrative tasks, internal meetings, team calls, vague entries and block billing that the Court should exclude. *See* Def.'s Opp'n Ex. A, ECF No. 64-1. Unum adds that the number of hours spent are not reasonable because they are excessive and duplicative. Def.'s Opp'n 7–8. It points specifically to the Trial Brief, asserting that experienced ERISA attorneys who were well-versed in the record should not have spent 173 hours preparing it, especially given that it contained similar content as the administrative appeal briefs. *Id.* at 7–9.

7

Having closely reviewed the Billing Records and Unum's objections, the Court finds that most of the time expended is reasonable. The description for most time entries is clear, and the Court is able to discern that the time spent on each discrete task is reasonable in context of the demands of this case. Moreover, most of the substantive work was delegated to the senior associate, junior associate, and paralegals assigned to the case, rather than being performed by the partners. *See* Second Riemer Aff. ¶ 8, ECF No. 66; *cf. Winkler v. Metro. Life Ins. Co.*, No. 03-cv-9656, 2006 WL 2347826, at *2 (S.D.N.Y. Aug. 10, 2006) ("[A] failure to delegate work to junior, less expensive attorneys may be grounds for reducing an award of attorney's fees."). The limited team communication to which Unum objects seems to have enabled that type of delegation. Also, the Court has compared both the Trial Brief and the administrative appeal brief and does not find that a reduction in the number of hours expended is warranted.

However, some of Unum's objections are valid. First, certain entries include time for work that is administrative in nature that could have been performed by less experienced team members. *See, e.g.*, Billing Records at 14 (senior associate billing on Apr. 1 and Apr. 5, 2021, for drafting the civil cover sheet and summons); *id.* at 16 (associate billing on Apr. 13, 2023 and Sept. 7, 2022, for editing a calendar and drafting notice of appearance). Second, there are vague entries that do not provide enough information for the Court to discern whether the time spent was reasonable. *See, e.g., id.* at 2 (listing "HC Admin Tasks" and "Proof documents" without any further detail); *id.* at 4 (lumping together team calls with drafting in entry on Apr. 12, 2022); Second Riemer Aff. Ex. A 2–3, ECF No. 66-1 (billing in August 2023 for work done by individuals who are not mentioned in the briefs and whose qualifications are not explained). Finally, Graziano included a "categorized table" of information from the Billing Records with his opening brief that contained

8

errors. Second Riemer Aff. ¶ 7. There are several entries for work on this table that are duplicative and a result of counsel's error in the first submission. *See* Second Riemer Aff. Ex. A 4–5.

These issues of vague entries, duplicative work, and failure to delegate appropriately must be removed from the attorneys' fee award. In such circumstances, the Court may apply a percentage deduction. *See, e.g., Gonzalez v. Fresh Start Painting Corp.*, No. 18-cv-11124, 2022 WL 3701096, at *5 (S.D.N.Y. Aug. 26, 2022) ("Where time entries are vague, duplicative, or otherwise inadequate, a court may make an across-the-board reduction or percentage cut, in the amount of hours."). Here, a modest 5% reduction in the number of hours expended is appropriate because, while these deficiencies are notable, they are the exception among the Firm's hours.

In sum, $187,080.65 is a reasonable fee award.

| Attorney | Requested Hourly Fee | Modified Hourly Fee (-10%) | Total Number of Hours Expended | Modified Hours Expended (-5%) | Total Amount |
|---|---|---|---|---|---|
| Scott M. Riemer | $875 | $788 | 35.8 | 34.01 | $26,799.88 |
| Jennifer Hess | $675 | $608 | 40.45 | 38.4275 | $23,363.92 |
| Matthew Maddox | $600 | $540 | 129 | 122.55 | $66,177.00 |
| Ryan McIntyre | $480 | $432 | 111.9 | 106.305 | $45,923.76 |
| Hannah Cochrane | $350 | $315 | 72.4 | 68.78 | $21,665.70 |
| Michele Wagner | $325 | $293 | 2.6 | 2.47 | $723.71 |
| Samantha Corneille-Renner | $275 | $248 | 10.3 | 9.785 | $2,426.68 |

### III.   Costs

The Court may order payment of litigation costs, in addition to attorneys' fees. *See* 29 U.S.C. § 1132(g)(1). Graziano seeks $402 to cover the cost of the Complaint's filing fee. *See* Billing Records at 22. Unum does not object to this request. Thus, the Court grants the request for payment of costs of $402.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Graziano's motion for attorneys' fees and litigation costs as modified. The Clerk of Court is directed to close ECF No. 55 and enter judgment awarding Plaintiff $187,080.65 in attorneys' fees and $402 in costs.

Dated: New York, New York  
March 19, 2024

SO ORDERED

_____  
HONORABLE LORETTA A. PRESKA  
United States District Judge